UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PHILLIP SMITH,

Petitioner,

vs.

COLLINS, et al.,

Respondents.

Case No. 2:14-cv-00483-JAD-NJK

**O R D E R**

This habeas action comes before the Court for initial review under Rule 4 of the Rules Governing Section 2254 Cases. The filing fee has been paid.

Following review, the Court finds that appointment of counsel, as requested within the petition, would be in the interests of justice, given: (a) the lengthy aggregate sentence imposed on the multiple charges of which petitioner stands convicted, approximating in the aggregate nineteen years to life; (b) petitioner's limited ability to articulate claims reflected in the federal petition; (c) petitioner's apparent failure to comprehend the complex procedural posture presented, in that he has filed what might be regarded as a protective federal petition after filing a potentially untimely state petition but he nonetheless has included only what appear to be wholly unexhausted ineffective-assistance claims in the petition;[1] and (d) the prospect that an at least minimal amount of time remains in the federal limitation period for federal habeas counsel to protect petitioner's interests by filing exhausted claims and seeking potentially appropriate relief such as a stay pending completion of the state post-conviction

---

[1] The state supreme court affirmed on direct appeal in a February 13, 2013, order, and the remittitur issued on March 12, 2013. Petitioner filed a state post-conviction petition on or about March 19, 2014.

1 proceedings. Absent the appointment of counsel to adequately present federal claims, petitioner faces
2 the prospect on the current pleadings of being procedurally foreclosed from being able to present any
3 viable claim for federal habeas relief, over and above any procedural bars that he may be facing in the
4 state post-conviction proceedings.

5   The Court is appointing counsel also on the premise that petitioner is financially eligible for
6 appointment of counsel. It appears that petitioner has been recognized to have become indigent in prior
7 proceedings, including on his state direct appeal and also in No. 2:11-cr-00058-JAD-CWH-1 in the
8 likely event that petitioner is the defendant also in that case. The Court notes, however, that the
9 financial papers submitted with the petition in this case show that Mr. Smith has over $1100 in his
10 inmate trust account and spent approximately $1300 received apparently from family and friends over
11 seven months. The Court reserves the option of reexamining Mr. Smith's financial eligibility for
12 appointment of counsel – in all of his pending cases – should it appear that his aggregate spending on
13 discretionary items in the inmate store reflects an ability to at the very least contribute to the costs of
14 appointed counsel.

15   **IT THEREFORE IS ORDERED** that the Federal Public Defender shall be provisionally
16 appointed as counsel and shall have, given the circumstances outlined herein, **fourteen (14) days** to
17 undertake direct representation of petitioner or to indicate an inability to do so. If the Federal Public
18 Defender is unable to represent petitioner, the Court will appoint alternate counsel. A deadline for the
19 filing of an amended petition will be set after counsel has entered an appearance. The Court anticipates
20 setting the deadline for an at least initial counseled amended petition with exhausted claims, taking into
21 account the discussion herein, for **May 14, 2014.** Any deadline established and/or any extension
22 thereof will not signify any implied finding as to either the date on which the federal limitation period
23 expires and/or of a basis for tolling during the time period established. Petitioner at all times remains
24 responsible for calculating all limitation periods and timely presenting exhausted claims.

25   **IT FURTHER IS ORDERED**, so that the respondents may be electronically served with any
26 papers filed through counsel, that the Clerk shall add Attorney General Catherine Cortez Masto as
27 counsel for respondents and shall make informal electronic service of this order upon respondents by
28 directing a notice of electronic filing to her. Respondents' counsel shall

-2-

enter a notice of appearance within **seven (7) days** of entry of this order, but no further response shall be required from respondents until further order of this Court.

The Clerk accordingly shall SEND a copy of this order to the *pro se* petitioner (along with a copy of the petition), the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator. The Clerk further shall regenerate notices of electronic filing of all prior filings herein to both the Nevada Attorney General and the Federal Public Defender.

Dated: April 4, 2014.

_____
JENNIFER A. DORSEY
United States District Judge