UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PHILLIP SMITH,

        Petitioner,

vs.

COLLINS, *et al.,*

        Respondents.

Case No. 2:14-cv-00483-JAD-NJK

**O R D E R**

This represented habeas matter comes before the Court for a status review.

The Court's prior order (Doc. 5) directed petitioner, *inter alia*, to: (a) file an amended petition "verified as required by 28 U.S.C. § 2242 and Rule 2(c)(5) of the Rules Governing Section 2254 Cases;" and (b) file copies of state court record exhibits with the amended petition in the manner specified in the order unless petitioner then was seeking an extension of time to amend the petition further after the filing of the initial counseled amended petition. Petitioner neither verified the petition nor filed state court record exhibits.

Petitioner did not file a motion for an extension of time to further amend the petition – or for any other relief – with the amended petition. Petitioner embedded the following statement within the body of the petition:

> Smith requests that this Court hold his Petition for Habeas Corpus . . . in abeyance until Smith has exhausted his state claims through his state habeas corpus proceedings, and then allow him to file a Second Amended Petition . . . to include those newly exhausted claims.

#9, at 7. The amended petition includes only claims allegedly exhausted on direct appeal.

Petitioner – who is represented by counsel – must present all requests for procedural relief in a motion. Embedding a request for interlocutory procedural relief within the body of a pleading does not properly present any request for such relief to the Court. There is no viable properly presented motion for a stay, for an extension, or for other relief currently before the Court.

The Court further notes the following. The Court pointed out in the initial screening order (Doc. 2) that the then *pro se* petitioner apparently had not filed *any* exhausted claims. No stay is available on a wholly unexhausted petition, and such a petition instead is subject to immediate dismissal. The Court noted "petitioner's apparent failure to comprehend the complex procedural posture presented, in that he has filed what might be regarded as a protective federal petition after filing a potentially untimely state petition but he nonetheless has included only what appear to be wholly unexhausted ineffective-assistance claims in the petition." Doc. 2, at 1. Appointed counsel, therefore, would need *at the very least* to file exhausted claims before a stay even could be considered as an available option, rather than immediate dismissal on a putative protective petition. A stay then is potentially available only if, *inter alia*, the *current pleadings then before the Court* present a *mixed* petition containing both exhausted *and unexhausted* claims. *See generally Rhines v. Weber*, 544 U.S. 269 (2005); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).

Moreover, the pendency of this federal habeas action does not toll the running of the federal limitation period for claims not timely presented in the federal pleadings, subject only to possible relation back under Rule 15. *See, e.g., Mayle v. Felix*, 545 U.S. 644 (2005); *Duncan v. Walker*, 533 U.S. 167 (2001). Nor does an *untimely* state petition toll the running of the federal limitation period as to any claims. *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). In this case, if the Supreme Court of Nevada affirms the state district court's dismissal of petitioner's state petition as untimely, that will be "the end of the matter" as to whether the state petition statutorily tolled the federal limitation period. *See, e.g., Trigueros v. Adams*, 658 F.3d 983, 988 (9th Cir. 2011). After the 2005 decision in *Pace*, a petitioner no longer may wait and see if the state high court will affirm the holding that the corresponding state claims are untimely. If he does so, the federal claims will be untimely.

Petitioner, rather than the Court, is responsible for calculating the running of the federal limitation period and preserving claims. If the represented petitioner has not preserved known

claims within the counseled first amended petition, the Court's orders do not establish a basis for tolling of the limitation period as to those claims. The represented petitioner has retained the burden to identify and timely preserve all claims that he seeks to pursue on federal habeas review. Petitioner, again, not the Court, is responsible for identifying and preserving claims within the limitation period.

**IT THEREFORE IS ORDERED** that, within **21 days** of entry of this order, petitioner shall file: (a) a verification of the amended petition as previously directed at Doc. 5, at 2, lines 25-26; and (b) copies of state court record exhibits as previously directed at Doc. 5, at 3, lines 1-12; *see also id.*, at 2, lines 3-17.

This matter remains in screening review as to the pleadings pending petitioner's compliance with the directives herein. Respondents otherwise shall respond to any requests for relief presented by petitioner by motion as per the standard briefing cycle under the local rules.

Dated: August 26, 2014.

_____
JENNIFER A. DORSEY
United States District Judge