1    UNITED STATES DISTRICT COURT

2    DISTRICT OF NEVADA

3

4    Phillip Smith,                                    2:14-cv-00483-JAD-NJK

5          Petitioner                          **Order Granting in Part and Denying in Part Amended Motion to Dismiss**

6    v.

7    F.N.U Collins, et al.,                            [ECF 20]

8          Respondents

9

10         Nevada state prisoner Phillip Smith, who is represented by court-appointed counsel, brings

11   this habeas action challenging his Nevada state-court convictions for robbery and related charges.  In

12   his second-amended petition, Smith asserts six grounds for relief.  Respondents move to dismiss

13   grounds two and three, arguing that ground two is not cognizable on federal-habeas review under

14   *Stone v. Powell*,[1] and that Smith failed to exhaust claim three.[2]  I find that claim two is barred by

15   *Stone v. Powell* and therefore dismiss it.  I find that Smith has not exhausted claim three and give him

16   until March 2, 2016, to inform the court in writing if he wishes to abandon that claim or return to state

17   court to properly exhaust it.

18                                         **Background**

19         On March 2, 2011, a jury in Nevada's Eighth Judicial District Court convicted Smith on a

20   laundry list of charges stemming from a pair of residential armed robberies.[3]  The trial judge

21   _____

22   [1] *Stone v. Powell*, 428 U.S. 465, 481 (1976).

23   [2] ECF 20.

24   [3] ECF 16-2.  Smith was convicted of: attempted murder with the use of a deadly weapon (1 count),
     battery with the use of a deadly weapon resulting in substantial bodily harm (1 count), burglary while
25   in possession of a deadly weapon (2 counts), conspiracy to commit robbery (2 counts), assault with a
     deadly weapon (3 counts), failure to stop on the signal of a police officer (1 count), robbery with the
26   use of a deadly weapon of a victim 60 years of age or older (1 count), first-degree kidnapping with
     the use of a deadly weapon of a victim 60 years of age or older (1 count), coercion with the use of a
27   deadly weapon (1 count), possession of a credit or debit card without the cardholder's consent (1
     count), grand larceny (1 count), and possession of stolen property (1 count).
28

1   sentenced Smith to 19 years to life imprisonment.[4]  Smith appealed his convictions; the Nevada

2   Supreme Court affirmed, and remittitur issued on March 12, 2013.[5]  Smith dispatched his federal

3   habeas petition for mailing on March 13, 2014.[6]  I appointed counsel to represent Smith, who filed a

4   second-amended petition on Smith's behalf on December 9, 2014.[7]  Respondents move to dismiss

5   grounds two and three.[8]

6                                              **Discussion**

7   **A.      Smith's Fourth Amendment claim is barred by *Stone v. Powell*.**

8           Independent, substantive Fourth Amendment claims are generally barred from federal habeas

9   review.  In *Stone v. Powell*, the United States Supreme Court held that a Fourth Amendment claim is

10  not cognizable in federal habeas actions if the petitioner had a "full and fair" opportunity to litigate

11  the claim in state court.[9]  To bring a federal habeas claim for a Fourth Amendment violation, a

12  petitioner must show that the state court did not afford him a full and fair opportunity to litigate it.[10]

13          In ground two of his petition, Smith claims that the state violated his Fourth and Fourteenth

14  Amendment rights when police installed a global positioning system ("GPS") tracking device on his

15  Honda Accord—without a valid warrant and without Smith's consent—and tracked the Honda's

16  movements.[11]

17          Respondents contend that Smith had a full and fair opportunity to litigate this claim in state

18  court, and Smith concedes that ground two is barred by *Stone v. Powell*.[12]  The record shows that

19      [4] *See id.*; ECF 1 at 2; ECF 15 at 1–3.

20      [5] ECF 17-3.

21      [6] ECF 1.

22      [7] ECF 15.

23      [8] ECF 20.

25      [9] *Stone,* 428 U.S. at 481; *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996).

26      [10] *Stone*, 428 U.S. at 494, n. 37.

27      [11] ECF 15 at 9–10.

28      [12] ECF 24 at 2.

1   Smith had a full and fair opportunity to litigate his claim that installing the GPS and tracking the

2   Honda's movements was an unlawful search in state court.  Smith raised this claim on direct appeal.[13]

3   The Nevada Supreme Court explained that the installation of the GPS on Smith's Honda was lawful

4   and that, in any event, Smith waived this objection when he failed to file a motion to suppress

5   challenging the allegedly unlawful search when he had an opportunity to do so.[14]  I therefore dismiss

6   ground two as barred under *Stone v. Powell*.

7

**B.      Smith's due-process claim for unduly suggestive identification procedures is**

8   **unexhausted.**

9            A federal court will not entertain a state prisoner's federal habeas petition until the petitioner

10  has exhausted all available state-court remedies for his claims.[15]  In other words, the petitioner must

11  give the state courts a fair opportunity to act on each of his claims before he presents those claims in

12  federal court.[16]  To exhaust a claim, the petitioner must give the highest available state court the

13  opportunity to consider the claim through direct appeal or state collateral-review proceedings.[17]

14           In ground three, Smith asserts that the state's unduly suggestive identification procedures

15  violated his Fifth and Fourteenth Amendment due-process rights.[18]  He argues that the two victims

16  were unable to identify him before trial, the physical description offered by one victim differed

17  significantly from Smith's appearance, and that the other victim viewed four photos of Smith and was

18  unable to identify him as the intruder.  Smith points out that both victims identified him for the first

19  time at trial, where he sat with his co-defendant at the defense table; they were the only two black

20

21  _____

    [13] ECF 17-3 at 12–14.

22

    [14] *Id.* at 93–94.

23

    [15] *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).

24

    [16] *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365

25  (1995).

26

    [17] *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376

27  (9th Cir. 1981).

28  [18] ECF 15 at 10–12.

1   men.[19]

2         Smith has not exhausted this claim.  On direct appeal to the Nevada Supreme Court, Smith

3   argued only that there was insufficient evidence to sustain his convictions because the victims' in-

4   court identifications of him did not comport with pre-trial identification attempts.[20]  Smith's claim

5   that the state's use of unduly suggestive identification procedures violated his due-process rights is

6   thus unexhausted because he did not raise it in state court.  As a result, I cannot consider it.

7   **C.**      **Smith must abandon claim three or return to state court to exhaust it.**

8         To bring a federal habeas action, a petitioner must exhaust his available state-court remedies

9   for *all* claims in the petition.[21]  A "mixed" petition—one containing both exhausted and unexhausted

10   claims—is subject to dismissal in its entirety.[22]  Because Smith's petition contains both exhausted and

11   unexhausted claims, he has three options:

12              1.     He may submit a sworn declaration voluntarily abandoning

13                      claim three in his federal habeas petition, and proceed only on

14                      his remaining, exhausted claims;

15              2.     He may return to state court to exhaust claim three, in which

16                      case this federal habeas petition will be dismissed without

17                      prejudice; or

18              3.     He may file a motion asking this court to stay and abey his

19                      exhausted claims while he returns to state court to exhaust claim

20                      three.

21         As to the third option, Smith is cautioned that stay and abeyance is available only in limited

22   circumstances.  If Smith chooses to file a motion for stay and abeyance, he must show that there was

23   good cause for his failure to first exhaust claim three in state court, and that claim three is not plainly

24

25   [19] *Id.*

26   [20] ECF 20 at 5; ECF 17-3 at 29–31.

27   [21] *Lundy*, 455 U.S. at 510.

28   [22] *Id.*

1  meritless.[23]  Respondents would then have an opportunity to respond to his motion.

2  **If Smith fails to choose one of these three options or seek other appropriate relief by**

3  **March 2, 2016, his federal habeas petition will be dismissed without prejudice as a mixed**

4  **petition.**

5                                           **Conclusion**

6          Accordingly, IT IS HEREBY ORDERED that respondents' amended motion to dismiss **[ECF**

7  **20]** is **GRANTED in part and DENIED in part; ground two is DISMISSED with prejudice.**

8          IT IS FURTHER ORDERED that **petitioner has until March 2, 2016**, to either: (1) inform

9  this court in a sworn declaration that he wishes to formally and forever abandon claim three and

10 proceed on the exhausted grounds; (2) inform this court in a sworn declaration that he wishes to

11 dismiss this petition without prejudice in order to return to state court to exhaust claim three; or (3)

12 file a motion asking this court to stay this case and hold his exhausted claims in abeyance while he

13 returns to state court to exhaust claim three.  If petitioner chooses to file a motion for a stay and

14 abeyance, or seek other appropriate relief, respondents may respond as provided in Local Rule 7-2.  **If**

15 **petitioner fails to respond to this order by March 2, 2016, this case will be dismissed without**

16 **further notice and without prejudice.**

17         IT IS FURTHER ORDERED that if petitioner elects to abandon claim three, respondents have

18 30 days from the date petitioner serves his declaration of abandonment to file an answer to

19 petitioner's remaining grounds for relief, and petitioner will have 30 days following service of

20 respondents' answer to file a reply.

21         Dated this 2nd day of February, 2016.

22

23         _____
           Jennifer A. Dorsey
           United States District Judge

24

25

26 [23] *Rhines v. Weber*, 544 U.S. 269, 277 (2005) (stating that "stay and abeyance is only appropriate
   when the district court determines there was good cause for the petitioner's failure to exhaust his
27 claims first in state court.  [And] even if a petitioner [shows good cause], the district court would
   abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly
28 meritless.").