UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Phillip Smith,<br><br>    Plaintiff<br><br>v.<br><br>F.N.U. Collins, et al.,<br><br>    Defendants | 2:14-cv-00483-JAD-NJK<br><br>**Order Denying Motion for Stay and Abeyance**<br><br>[ECF No. 35] |

Section 2254 petitioner Phillip Smith, who is represented by counsel, moves for a *Rhines* stay so that he may return to state court to exhaust ground three of his habeas petition.[1] Because Smith has not shown good cause for his failure to first exhaust this ground in state court, I deny his motion for stay and abeyance and give him until March 1, 2017, to notify the court how he wishes to proceed in this action.

**Discussion**

On February 3, 2016, I granted respondents' motion to dismiss in part, dismissed ground two, concluded that ground three is unexhausted, and gave Smith until March 2, 2016, to notify the court how he wished to proceed with his exhausted claims.[2] Ground three is a claim that the unduly suggestive identification of Smith and his co-defendant at trial violated his Fifth and Fourteenth Amendment due-process rights.[3] I found that this claim is unexhausted because, on direct appeal to the Nevada Supreme Court, Smith argued only that there was insufficient evidence to sustain his convictions because the victims' in-court identifications of him did not comport with pre-trial identification attempts. Smith also did not raise this claim in his state post-conviction petition, which was rejected in its entirety as untimely.

---

[1] ECF No. 35.

[2] ECF No. 32.

[3] ECF No. 15 at 10–12.

As the United States Supreme Court explained in *Rhines v. Weber*, stay and abeyance should be available "only in limited circumstances."[4] Smith must show that he has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious," and he has not "engaged in intentionally dilatory litigation tactics."[5] Smith argues that he has good cause for his failure to exhaust claim three because he did not have counsel for his state post-conviction petition and because he was reasonably confused about the timeliness of his state post-conviction petition.[6]

In *Martinez v. Ryan*, the United States Supreme Court held that the failure of an ineffective counsel or pro se petitioner to raise, in a state-court initial-review collateral proceeding, a claim of ineffective assistance of trial counsel can establish good cause to excuse a state-court procedural default.[7] In *Ha Van Nguyen v. Curry*, the Ninth Circuit extended the *Martinez* rule to include procedurally defaulted claims of ineffective assistance of counsel on direct appeal.[8] One year later, the Ninth Circuit panel in *Blake v. Baker* held that the *Rhines* standard for IAC-based cause is not "any more demanding than a showing of cause under *Martinez* to excuse state procedural default,"[9] and that state post-conviction IAC can also satisfy the *Rhines* good-cause standard.[10]

None of these cases establishes good cause for Smith's failure to exhaust ground three, which is a claim that the unduly suggestive identification of Smith and his co-defendant at trial violated his Fifth and Fourteenth Amendment due-process rights. *Martinez*, *Curry*, and *Blake* all dealt with procedurally defaulted ineffective-assistance-of-counsel claims and do not apply to substantive challenges like ground three. Nor can Smith's petition in this action be considered a protective

---

[4] *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005).

[5] *Id.* at 278.

[6] ECF No. 28 at 9–10.

[7] *Martinez v. Ryan,* 132 S. Ct. 1309 (2012).

[8] *Ha Van Nguyen v. Curry*, 736 F.3d 1287 (9th Cir. 2013).

[9] *Blake v. Baker*, 745 F.3d 977, 984 (9th Cir. 2014).

[10] *Id.*

petition entitling Smith to a stay under *Pace v. Diguglielmo* because he did not file this action out of a reasonable concern about the timeliness of any pending state habeas petition and its effect on the timeliness of this action.

Because I deny Smith's request for a stay and this is a mixed petition, he must submit a sworn declaration advising the court either: (1) that he is voluntarily abandoning his unexhausted claims and will proceed on the exhausted claims only or (2) that he will return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice. Smith must inform the court of his choice by March 1, 2017.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that Smith's motion for stay and abeyance **[ECF No. 35] is DENIED.**

IT IS FURTHER ORDERED that Smith must file a sworn declaration with this court indicating how he wishes to proceed with this action by **March 1, 2017.** Failure to do so may result in the dismissal of this action without prejudice and without further notice.

IT IS FURTHER ORDERED that if Smith elects to abandon his unexhausted ground, respondents will have 30 days from service of his declaration of abandonment to file an answer to Smith's remaining grounds for relief. The answer must contain all substantive and procedural arguments for all surviving grounds in the petition and must comply with Rule 5 of the Rules Governing Section 2254 Proceedings in the United States District Courts. Smith will have 30 days from service of respondents' answer to file a reply.

Dated this 1st day of February, 2017.

_____
Jennifer A. Dorsey
United States District Judge